IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GINO CAPORINI,   CASE NO. 2:07-cv-830
           JUDGE HOLSCHUH
    Petitioner,   MAGISTRATE JUDGE KEMP

v.

CLIFFORD SMITH,

    Respondent.

## OPINION AND ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

The Ohio Seventh District Court of Appeals summarized the history of this case as follows:

> Caporini was indicted for five counts of rape and five counts of gross sexual imposition. Each of the rape counts contained a specification charging him with committing the act against a child that was less than thirteen years old. Eventually, Caporini pled guilty to each count in the indictment and the State dropped the age specifications. In addition, the parties jointly recommended that the trial court sentence Caporini to maximum ten-year sentences for each of the rape counts, combine them into two groups, and order that those two groups be served consecutively. They also recommended that the trial court sentence him to four years for each count of

>gross sexual imposition and order that those be served consecutive to each other, but concurrent to the sentences for rape. The trial court accepted the plea and sentenced Caproini in accordance with the recommendation, which amounted to a total of twenty years in prison. Caporini did not timely appeal this sentence, but we granted his motion for a delayed appeal.

*State v. Caporini*, 2006 L 1680029 (Ohio App. 7th Dist. June 14, 2006). Petitioner raised the following assignments of error on appeal:

>1. The trial court erred when it sentenced Mr. Caporini to serve a prison term that exceeded minimum, concurrent terms of incarceration... the sentence imposed was based on facts that were not found by a jury or admitted by Mr. Caporini, in contravention of his rights guaranteed by the Sixth Amendment to the United States Constitution....
>
>2. Trial counsel's multiple failures during sentencing proceedings constituted deficient and prejudicial performance [and] deprived Mr. Caporini of his right to the effective assistance of counsel....

*Exhibit 8 to Return of Writ.* On June 14, 2006, the appellate court denied petitioner's appeal. *See State v. Caporini, supra.* Petitioner did not file a timely appeal of the appellate court's decision to the Ohio Supreme Court. Instead, more than six months later, on January 12, 2007, he filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II Section 2(A)(4)(a). On February 28, 2007, the Ohio Supreme Court denied petitioner's motion for delayed appeal. *State v. Caporini*, 2007 WL 1680029 (2007).

On August 22, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The trial court erred when it sentenced petitioner to serve a prison term that exceeded minimum, concurrent term[s] of incarceration.  The sentence was based on facts that were not found by a jury or admitted by petitioner in contravention of his rights guaranteed by the Sixth Amendment to the U.S. Constitution pursuant to *Blakely v. Washington.*
>
> *2.* Trial counsel's multiple failures during the sentencing proceedings and appellate counsel's errors during appeal constituted deficient and prejudicial performance and deprived petitioner of his right to the effective assistance of counsel pursuant to the 6th and 14th Amendments of the U.S. Constitution and section 10, article I of the Ohio Constitution.

It is the position of the respondent that petitioner's claims are procedurally defaulted.  Alternatively, respondent contends that petitioner's claims lack merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration.  28 U.S.C. §2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456

3

U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

In *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir.2004), the United States Court of Appeals for the Sixth Circuit held that the Ohio Supreme Court's summary dismissal of a motion for delayed appeal under these same circumstances "constitutes a procedural ruling sufficient to bar federal court review" of petitioner's claims. *Id.* This Court therefore likewise concludes that petitioner has waived the right to present his claims in these habeas corpus proceedings.

As cause for his failure to file a timely appeal with the Ohio Supreme Court, petitioner asserts that his attorney advised him, in a letter dated June 15, 2006, that it was her opinion that his appeal had no arguable merit, and that, in view of his *pro se* status, he was confused as to how to proceed. *Petition*, at 3-4. This argument is not persuasive.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis in original).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir.2003). Petitioner's *pro se* status, his "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley, supra,* 370 F.3d at 498, citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir.1995). The ineffective assistance of counsel may constitute cause for a procedural default. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000), citing *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986). However, the ineffective assistance of counsel cannot constitute cause for petitioner's procedural default in failing to file a timely notice of appeal with the Ohio Supreme Court where petitioner had no right to counsel in those proceedings. *See Gulertekin v. Tinnelman-Cooper,* 340 F.3d 415, 425 (6th Cir.2003), citing *Coleman v. Thompson,* 501 U.S. 722, 752-53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)("[T]he right to counsel extends to the first appeal of right, and no further.") Further, the Court notes that the public defender, in the letter referred to by petitioner and attached to his

5

habeas corpus petition, advised petitioner of the time limitations for filing an appeal in bold faced lettering, of the date that his appeal in the Ohio Supreme Court would be due, and attached a copy of the rules of the Ohio Supreme Court for his review. In short, petitioner has failed to establish cause and prejudice for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269. After review of the record, the Court does not deem this to be such a case.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge