IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GINO CAPORINI, | CASE NO. 2:07-cv-830 |
| | JUDGE HOLSCHUH |
| Petitioner, | MAGISTRATE JUDGE KEMP |
| v. | |
| CLIFFORD SMITH, | |
| Respondent. | |

## OPINION AND ORDER

On September 5, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation* and a request for stay pending exhaustion of his claims in the state courts. For the reasons that follow, petitioner's objections are **OVERRULED**. His request for a stay is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In this habeas corpus petition, petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), and that he was denied the effective assistance of counsel. The Magistrate Judge recommended dismissal of petitioner's *Blakely* claim, as well as his claim of ineffective assistance of trial counsel, as procedurally defaulted due to petitioner's failure to file a timely appeal to the Ohio Supreme Court. Petitioner now contends that the Ohio Supreme Court's denial of his motion for delayed appeal did not provide a sufficient basis to preclude federal habeas corpus review of his claims. In view of the United States

Court of Appeals for the Sixth Circuit's decision in *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir.2004), holding to the contrary, this argument fails.

Petitioner also requests a stay so that he may again attempt to obtain review of his claims in the Ohio Supreme Court, and in order to file a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  Petitioner's claim of ineffective assistance of appellate counsel has never been presented to the state courts.  Therefore, because petitioner may still pursue a delayed Rule 26(B) application, this claim remains unexhausted.  *See* 28 U.S.C. 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

Still, the record does not reflect that a stay of proceedings is appropriate.  In *Rhines v. Weber,* 544 U.S. 269 (2005), the United States Supreme Court stated:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition....
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

> \*\*\*
>
> ... [I]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.,* at 380-381.
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines v. Weber,* supra, 544 U.S. at 277-278. In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated:

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

As of yet, there is little guidance as to what constitutes good cause for failing to exhaust state court remedies. *See Hnatiuk v. Trumbley*, 2008 WL 3305157 (E.D. Michigan August 11,

3

2008)(noting that neither the United States Supreme Court nor any federal Circuit Court of Appeals has yet defined the "good cause" standard in *Rhines*)(citation omitted).

> Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., January 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D.Cal., 2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.
>
> In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said
>
>> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' • • • appears to be less stringent than • • • 'extraordinary circumstances" ').
>
> *Jackson,* 425 F.3d at 661-62.  Thus, it would appear that good cause under *Rhines,* at least in [the Ninth] Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* 544 U.S. 408, ----, 125 S.Ct. 1807, 1813-14, 161

4

L.Ed.2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D.Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petitioner [sic] was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., October 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D.Mich., October 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D.Cal., September 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D.Mich., September 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D.Mich., September 7, 2005).

Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support ... [the] conclusion that the good

5

> cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D.Nevada 2006).

Petitioner fails to provide any explanation for his failure to date to raise his claim of ineffective assistance of appellate counsel in the state courts. Therefore, it does not appear that he can establish good cause within the meaning of *Rhines v. Weber, supra*, for failure to exhaust this claim in the state courts. Further, the record fails to reflect that the claim is potentially meritorious. The time period for filing a Rule 26(B) application has long since expired, and petitioner will be barred from raising this claim in the state courts absent a showing of "good cause" for his untimely filing. *See* Ohio Appellate Rule 26(B)(2)(b). Nothing in the record indicates that he can meet such standard. In *Neville v. Dretke,* 423 F.3d 474, 480 (5th Cir.2005), the United States Court of Appeals for the Fifth Circuit held that claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising his unexhausted claims in the state courts. *See also Carter v. Friel,* 415 F.Supp.2d 1314, 1321-22 (D.Utah 2006)(same). Further, since petitioner has already pursued a motion for delayed appeal with the Ohio Supreme Court, such claim is not unexhausted, nor would a stay of proceedings be warranted for petitioner again to pursue such a motion that

has little, if any, likelihood of success.

Finally, even assuming petitioner were to delete his unexhausted claim of ineffective assistance of appellate counsel from this habeas corpus petition and proceeded solely on his remaining exhausted claims, this Court agrees, for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, that petitioner has failed to establish cause for his procedural default of those claims.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner's request for a stay is **DENIED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Date: October 2, 2008                              */s/ John D. Holschuh*
                                                   JOHN D. HOLSCHUH
                                                   United States District Judge